## THE STATE v. McCOY, Appellant.

**Division Two, March 5, 1907.**

**NO BILL OF EXCEPTIONS.** Where no bill of exceptions is filed, there is nothing before the court except the record proper, and if that is free from error, the judgment will be affirmed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

FOX, P. J.—This cause is here upon appeal by the defendant from a judgment of the circuit court of Jasper county, Missouri, convicting the defendant of murder of the second degree. On December 4, 1905, the prosecuting attorney of Jasper county filed an information against the defendant, charging him with murder in the first degree. The crime was committed on November 20, 1905, upon one James W. Perry, with the fists and feet of the defendant, striking, kicking, beating and wounding the deceased upon the head, neck and body, from which wounds the deceased died on the 29th day of November, 1905. The case coming on for trial, the defendant, on January 2, 1906, filed an application for change of venue, alleging prejudice in the minds of the inhabitants of Jasper county, which application was on January 6, 1906, overruled by the court. Upon the application of the defendant a continuance was granted until February 15, 1906. Another application for continuance was filed and overruled on the same date. After being duly arraigned the trial occurred and on February 17, 1906, the jury brought in a verdict finding the defendant guilty of murder in the second degree, and assessing his punishment at ten years in the State penitentiary. Motions for new trial and in arrest of judgment were filed and overruled. The motion in arrest charged that the information "is insufficient to sustain the verdict and does not charge murder in the second degree." An appeal was afterwards granted to this court and upon extension of time to file bill of exceptions to April 14, 1906, and no bill having been filed by that time, application for extension of time to file bill was made on May 12, 1906, which said application was denied by the court. The case is therefore here on the record proper.

We have carefully examined the information upon which this judgment is predicated and find that it properly charges the offense of murder, and is in accord

with approved precedents by this court. The record discloses the formal arraignment of the defendant and plea of not guilty and the trial seems to have proceeded in regular order. The jury were empaneled and sworn to try the cause and they returned their verdict in proper form finding the defendant guilty of murder in the second degree and assessing his punishment at imprisonment in the penitentiary for a period of ten years. Judgment and sentence in accordance with the verdict are in every way regular and conform to the requirements of the statute. Finding no error in the record before us, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.